848 So.2d 460 (2003)
DEPARTMENT OF CHILDREN & FAMILIES, Petitioner,
v.
Asmar HARRISON, Respondent.
No. 4D03-168.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
*461 Deborah Guller, John J. Copelan, Jr. and Douglas Greenbaum, Ft. Lauderdale, for petitioner.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Ft. Lauderdale, for respondent.
WARNER, J.
The Department of Children and Family Services petitions this court to quash the trial court's order finding respondent incompetent to stand trial in a criminal case and ordering him to receive treatment at specific facilities. The Department argues that the trial court departed from the essential requirements of law by failing to comply with section 916.301, Florida Statutes (2002), regarding the appointment of the experts for the respondent's incompetency evaluations and in ordering the Department to provide the treatment from a particular facility. The respondent concedes that the trial court erred in failing to comply with section 916.301 by failing to include the Department in the evaluation. On this ground, we quash the trial court's order.
The trial court appointed two psychologists to determine whether the respondent, a criminal defendant, was mentally retarded or autistic and, if so, whether he was competent to proceed to trial. Although the court found the respondent incompetent to stand trial, it found he did not meet the statutory criteria for involuntary commitment pursuant to section 916.302(1). The court ordered conditional release and required the respondent to receive training regarding competency to proceed as well as any necessary support services necessary to allow him to remain in the community. It specifically ordered Dynamic Health Care in Fort Lauderdale to provide the training. While the order does not indicate, it is apparent that the court intended the Department to provide these services.
The unilateral manner in which the trial court appointed the psychologists and ordered the type of treatment for the respondent violated section 916.301. That section provides, in pertinent part,
(1) The department shall provide the courts annually with a list of retardation and autism professionals who are qualified to perform evaluations of defendants alleged to be incompetent to proceed due to retardation or autism. The courts may use professionals from this list when ordering evaluations for defendants *462 suspected of being retarded or autistic.
(2) If a defendant's suspected mental condition is retardation or autism, the court shall appoint two experts, one of whom must be the developmental services program of the department, each of whom will evaluate whether the defendant meets the definition of retardation or autism and, if so, whether the defendant is competent to proceed.
(3) At the request of any party, the court may appoint one additional expert to evaluate the defendant. The expert appointed by the court will evaluate whether the defendant meets the definition of retardation or autism and, if so, whether the defendant is competent to proceed.
(4) The developmental services program shall select a psychologist who is licensed or authorized by law to practice in this state, with experience in evaluating persons suspected of having retardation or autism, and a social service professional with experience in working with persons with retardation or autism to evaluate the defendant.
(a) The psychologist shall evaluate whether the defendant meets the definition of retardation or autism and, if so, whether the defendant is incompetent to proceed due to retardation or autism.
(b) The social service professional shall provide a social and developmental history of the defendant.
(Emphasis added). While the court appointed two psychologists, one was not from the Department's developmental services program as required by statute. This is important because upon finding the respondent incompetent to proceed, the experts were required to recommend "training for the defendant to attain competence to proceed." § 916.3012(4). Specifically, the expert's report must include recommendations on the appropriate training for the respondent, the availability of acceptable training in the community, the likelihood of the respondent attaining competency, and the probable duration of his attaining competency. See § 916.3012(4)(a)-(d). When the developmental services program of the Department is represented by its appointed expert in preparing the report, the recommendations will take into account services available through the Department. Without the involvement of the Department's representative, the Department has no opportunity to influence the recommendations it is expected to carry out.
We do not address the second issue raised as it may be rendered moot if the Department is involved in the assessment and community-based training plan.
The petition is granted, and the order under review is quashed.
KLEIN and HAZOURI, JJ., concur.